CARLTON, J.,
dissenting:
¶12. I disagree with the majority’s finding in this case, and I respectfully dissent. I submit that a material change in circumstances was established by Daw-sey’s admitted illegal use of methamphetamine and her need for three months of inpatient preventative care for substance abuse in June 2010. I note that Dawsey’s three months of drug rehabilitation prompted Stennett’s emergency motion for custody in this case. The chancellor thus erred in failing to find that a material change of circumstances adversely affecting Dawsey and Stennett’s two children had occurred since, the initial custody award in September 2004. Additionally, the chancellor should have considered the best interests of the children, before returning the children to the custody of Dawsey, an admitted, methamphetamine user.
¶ 13. In A.T.K. v. R.M.K.W. 26 So.3d 1103, 1105-06 (¶ 10) (Miss.Ct.App.2009), this Court stated, with regard to child custody modification, that:
In such matters concerning the protection of a child fi*om danger, the judgment. of the parent — and parenting skills — are extremely important. Albright [v. Albright], 487 So.2d [1003, 1005 (Miss.1988) ]. This [Cjourt has stated that “while numerous factors may go •into the initial consideration of a custody award, ... only parental behavior that poses a clear danger to the child’s men-tel or emotional health can justify a custody change.” Lambert v. Lambert, 872 So.2d 679, 684 (¶ 22) (Miss.Ct.App.2003) (quoting Morrow v. Morrow, 591 So.2d 829, 888 (Miss.1991)). In Riley v. Doerner, 677 So.2d 740, 744 (Miss.1996), the Mississippi Supreme Court similarly held that “when the environment provided by the custodial parent is found to be adverse to the child’s best interest, and the non-custodial parent is able to provide an environment more suitable than that of the custodial pav’ent, the chancellor may modify custody accordingly.”
A party seeking modification must show the prior custody decree is not working and that modification is in best interests of the child. See Christian v. Wheat, 876 So.2d 341, 345 (¶ 14) (Miss.2004)
¶ 14. Under our standard of review for child custody cases, I find that the chancellor abused his discretion by finding that Stennett failed to prove a material change in circumstances had occurred, and I *755 would therefore reverse and remand for further proceedings.